UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                              Case No. 18-57188

IKEYA K. POWELL,                                    Chapter 7

        Debtor.                                  Judge Thomas J. Tucker
_____/

**ORDER DENYING THE DEBTOR'S MOTION FOR RECONSIDERATION**

This case is before the Court on the Debtor's motion entitled "Motion to Reconsider Debtor's Motion to Reopen/Reinstate Case And Waive Fee to Reopen," filed on May 10, 2019 (Docket # 27, the "Motion"), which this Court construes as a motion for reconsideration of, and for relief from, the Court's April 29, 2019 Order granting the Debtor's previously filed motion to reopen this case but denying the Debtor's request for a waiver of the filing fee for that motion (Docket # 25, the "April 29 Order").[1]  The Court will deny the Motion, for the following reasons.

First, the Court finds the Motion fails to demonstrate a palpable defect by which the Court and the parties have been misled, and that a different disposition of the case must result from a correction thereof.  *See* Local Rule 9024-1(a)(3).

Second, the allegations in the Motion do not establish excusable neglect under Fed. R. Civ. P. 60(b)(1), Fed. R. Bankr. P. 9024, or any other valid ground for relief from the April 29 Order.

Third, the Court rejects the Debtor's argument that is based on the case of *In re Andre Stinson*, Case No. 17-46886.  The Debtor argues that because a different judge of this Court (Judge Oxholm) granted a waiver of the filing fee for a motion to reopen the *Stinson* case (on

---

[1] The Debtor previously filed a motion to reopen the case on April 27, 2019 (Docket # 22).

November 27, 2017), the Court must waive the filing fee in this case. The Court finds this argument unpersuasive. The undersigned judge is not bound by a decision by a different judge of this Court in a different case, made almost 18 months ago.

Fourth, in this case, the Debtor and her attorney were warned and reminded of the need for the Debtor to complete the personal financial management course and file the certification of such completion, and of the March 25, 2019 deadline for doing so. In a notice filed on February 12, 2019, the Clerk reminded the Debtor and her attorney as follows:

> Notice is hereby given that, subject to limited exceptions, a debtor must complete an instructional course in personal financial management in order to receive a discharge. Pursuant to Rule 1007(b)(7) of the Federal Rules of Bankruptcy Procedure, the debtor(s) must complete and file a **Certification About a Financial Management Course (Official Form 423)*** as described in 11 U.S.C. § 111.
>
> Debtor(s) and/or debtor(s)' attorney is/are hereby notified that **Official Form 423** must be filed before a discharge can be entered. Debtor(s) and/or debtor(s)' attorney is/are hereby notified that in a chapter 7 case the debtor(s) must file **Official Form 423** within 60 days after the first date set for the meeting of creditors under § 341 of the Code.
>
> **Failure to file the certification will result in the case being closed without an entry of discharge**. *If the debtor(s) subsequently file(s) a Motion to Reopen the Case to allow for the filing of the Official Form 423, the debtor(s) must pay the full reopening fee due for filing the motion.*

(Docket # 16) (bold in original) (italics added).

This notice was served electronically on the Debtor's attorney, by the Court's ECF system, on February 12, 2019. And this notice was mailed directly to the Debtor on February 14, 2019, by the Bankruptcy Noticing Center (*see* Docket # 17).

The Debtor could have completed these requirements at any time after filing this bankruptcy case on December 26, 2018. Instead, the Debtor waited until March 1, 2019 to complete the personal financial management course, and then failed to file her certification of same until May 1, 2019 (*see* Certifications, Docket ## 23, 24), well after the March 25, 2019 deadline for doing so, and well after this case was closed without a discharge on April 16, 2019. The Motion does not allege a valid excuse for the Debtor's failure to timely file her Certification.

Fifth, with respect to the Debtor's allegation in the Motion that "the agency sent" the education certificate to the Debtor or Debtor's attorney "late," the Debtor could have filed a motion before the certification filing deadline, seeking an extension of time to file the required certification, as permitted by Fed. R. Bankr. P. 1017(c). But the Debtor did not do this, and the Motion does not allege any reason, let alone a valid excuse, for the Debtor's failure to timely move the Court for such an extension of time.

The Debtor owes the Clerk of this Court $260.00 for the filing fee for her motion to reopen this case, filed April 27, 2019 (Docket # 22), and must pay that filing fee.

IT IS ORDERED that the Motion (Docket # 27) is denied.

**Signed on May 14, 2019**



/s/ Thomas J. Tucker
Thomas J. Tucker
United States Bankruptcy Judge